1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VICENSON D. EDWARDS,                     )     NO. CV 12-2091-VAP (AGR)
                                         )
                Petitioner,              )
                                         )
        v.                               )
                                         )     OPINION AND ORDER ON
TERRI GONZALEZ, Warden,                  )     PETITION FOR WRIT OF
                                         )     HABEAS CORPUS
                Respondent.              )
                                         )
_____)

On March 12, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  The Petition challenges his conviction in Los Angeles County Superior Court in 1998. (Petition at 2.)

I.

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in two prior federal habeas corpus actions brought by Petitioner in the Central District of California: *Edwards v. Terhune*, Case No. CV 01-1608-GHK (SH) ("*Edwards I*") and *Edwards v. Marshall*, CV 06-6568-VAP (AGR) ("*Edwards II*"). (*See also* Petition at 1.)

1    On August 3, 1998, a Los Angeles County jury convicted Petitioner of

2    possession of a firearm by a felon and evading a police officer.  (Petition at 2).

3    On January 13, 1999, Petitioner was sentenced to 53 years to life.

4    In *Edwards I*, a Report and Recommendation ("R&R I") was issued on the

5    merits on September 7, 2001; on October 2, 2001, the R&R I was adopted and

6    judgment was entered dismissing the petition with prejudice.  *Edwards I*, Dkt.

7    Nos. 23, 26, 27.)[1]  On May 31, 2002, the Ninth Circuit denied Petitioner's request

8    for a certificate of appealability.  *Id.*, Dkt. No. 34.

9    In *Edwards II*, after a motion to dismiss,[2] a Report and Recommendation

10   ("R&R II") was issued on July 3, 2007, recommending the petition be dismissed

11   with prejudice as time-barred.[3]  *Edwards II*, Dkt. No. 26.  On August 16, 2007, the

12   R&R II was adopted, and judgment was entered dismissing the petition with

13   prejudice.  (Dkt. Nos. 30-31.)[4]  Petitioner did not appeal.

14   With respect to the underlying conviction, on June 6, 2000, the California

15   Court of Appeal affirmed the judgment.  R&R II at 2.  On August 23, 2000, the

16   California Supreme Court summarily denied the petition for review.  *Id.*  Between

17   October 9, 2003, and September 13, 2006, Petitioner filed multiple habeas

18   petitions in the California courts, the last of which was denied on September 13,

19   2006, by the California Supreme Court with citations indicating the petition was

20   untimely.  *Id.* at 2-3.

21   _____

22   [1]  Attached to the instant Petition as Exhibit 1 is R&R I.

23   [2]  Respondent filed a motion to dismiss on April 17, 2007, based on
     expiration of the statute of limitations.  *Edwards II*, Dkt. No. 21.

24

25   [3]  Contrary to Petitioner's assertion (*see* Petition, Attachment A at 1), the
     decision that his second federal habeas petition was time-barred was not
     "procedural."  *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009)

26   ("dismissal of a section 2254 habeas petition for failure to comply with the statute
     of limitations renders subsequent petitions second or successive for purposes of"

27   28 U.S.C. § 2244(b)).

28   [4]  Attached to the Petition as Exhibit 2 is R&R II.

1   According to Petitioner, sometime after early 2011, he filed habeas

2   petitions in the California Court of Appeal and the California Supreme Court.

3   (Petition Attachment A at 1.)  According to the online docket at California

4   Appellate Court Case Information, on January 28, 2011, Petitioner filed a habeas

5   petition in the California Court of Appeal, which was denied on February 9, 2011,

6   in Case No. B230505; and on June 13, 2011, Petitioner filed a habeas petition in

7   the California Supreme Court, which was denied on October 26, 2011, in Case

8   No. S193977, with citations indicating the petition was untimely.

9   The Petition involves the same conviction and sentence as in *Edwards I*

10   and *Edwards II*.

11                                   **II.**

12                              **DISCUSSION**

13   The Petition was filed after enactment of the Antiterrorism and Effective

14   Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA

15   in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059,

16   138 L. Ed. 2d 481 (1997).

17   The AEDPA provides, in pertinent part: "Before a second or successive

18   application permitted by this section is filed in the district court, the applicant shall

19   move in the appropriate court of appeals for an order authorizing the district court

20   to consider the application." 28 U.S.C. § 2244(b)(3)(A).  A district court does not

21   have jurisdiction to consider a "second or successive" petition absent

22   authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S.

23   Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th

24   Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence

25   of proper authorization from the court of appeals, consider a second or

26   successive habeas application.") (citation and quotation marks omitted).

27   Here, the Petition is a second or successive petition that challenges the

28   same conviction and sentence imposed by the same judgment of the state court

3

1   as in *Edwards I* and *Edwards II*. Petitioner argues he is not challenging the

2   conviction or sentence.  Instead, he contends his appellate counsel on direct

3   appeal was ineffective,[5] Petitioner learned of the ineffective assistance in early

4   2011,[6] and Petitioner seeks only "that the Judgment on Appeal be vacated and

5   that the direct appeal be reinstated." (Petition, Attachment A at 1-2.)  Petitioner

6   relies on *Johnson v. United States*, 362 F.3d 636 (9th Cir. 2004) for the

7   proposition that a federal habeas petition that "does not attack the conviction and

8   sentence, is not counted as a second or successive petition." (Petition,

9   Attachment A at 2.)  Petitioner has it backwards.  In *Johnson*, the Ninth Circuit

10   held that "a successful 2255 petition, utilized as a device to obtain an out-of-time

11   appeal, does not render a subsequent collateral challenge 'second' or

12   'successive' under AEDPA." *Johnson*, 362 F.3d at 638.

13   A federal court must dismiss a second or successive petition that raises the

14   same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  A court must also

15   dismiss a second or successive petition raising a new ground unless the

16   petitioner can show that (1) the claim rests on a new, retroactive, constitutional

17   right or (2) the factual basis of the claim was not previously discoverable through

18   due diligence, and those new facts establish by clear and convincing evidence

19   that but for the constitutional error, no reasonable factfinder would have found the

20   applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).  It is not

21   the *district court*, however, that decides whether a second or successive petition

22   meets the requirements permitting a petitioner to file a second or successive

23   petition.  Rather, "[b]efore a second or successive application permitted by this

24   _____

25   [5] Petitioner alleges that his counsel on appeal presented "inaccurate facts"
     related to a motion to exclude in the trial court.  (Petition, Attachment A at 3.)
26   Petitioner also alleges his appellate counsel failed to argue that trial counsel was
     ineffective. (*Id.* at 4.)

27
     [6] Petitioner does not explain why he did not learn of the basis for his
28   ineffective assistance of counsel claim until 2011.

4

1   section is filed in the district court, the applicant shall move in the appropriate

2   court of appeals for an order authorizing the district court to consider the

3   application." 28 U.S.C. § 2244(b)(3)(A); *see also Felker v. Turpin*, 518 U.S. 651,

4   657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).  Absent authorization from the

5   Ninth Circuit, this court lacks jurisdiction over the instant Petition.  *Cooper*, 274

6   F.3d at 1274.

7        Rule 4 of the Rules Governing Section 2254 Cases in the United States

8   Courts provides that "[i]f it plainly appears from the face of the petition and any

9   attached exhibits that the petitioner is not entitled to relief in the district court, the

10   judge must dismiss the petition and direct the clerk to notify the petitioner."  Here,

11   summary dismissal is warranted.

12                                         **III.**

13                                       **ORDER**

14        IT IS HEREBY ORDERED that Judgment be entered summarily dismissing

15   the Petition and action for lack of subject matter jurisdiction.

16

17   DATED: March 19 2012

18                                         VIRGINIA A. PHILLIPS
                                          United States District Judge
19

20

21

22

23

24

25

26

27

28

                                           5